UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| ANDY S. JORDAN,<br><br>              Plaintiff,<br><br>   -against-<br><br>NEW YORK CITY SCHOOL<br>CONSTRUCTION AUTHORITY,<br><br>              Defendant. | Case No.: 24-cv-609<br><br><br>**COMPLAINT** |

Plaintiff Andy S. Jordan (herein, "Plaintiff"), by and through his attorneys Cohen & Cohen Law, as and for his Complaint against the New York City School Construction Authority (herein, "Defendant"), alleges upon knowledge as to himself and his own actions and/or upon information and belief as follows:

**NATURE OF THE CASE**

1.      This is a civil action for damages and equitable relief based upon violations that Defendant committed against Plaintiff's rights guaranteed to him by Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq*. (herein, "Title VII"), Section 1981 of the Civil Rights Act of 1866, 42 U.S.C. § 1981 (herein, "Section 1981"), the New York State Human Rights Law, New York Executive Law § 290 *et seq*. (herein, "NYSHRL"), and the New York City Human Rights Law, New York Administrative Code § 8-101 *et seq*. (herein, "NYCHRL").

2.      During the past decade, Defendant repeatedly refused to promote Plaintiff, although equally qualified or more qualified than his non-Black contemporaries.

## PARTIES

3.      Plaintiff is an individual who resides in the State of New York.

4.      Plaintiff has been employed by Defendant as a Quality Assurance Specialist (herein, "QAS") since December 2008.

5.      In 2014, Plaintiff became a licensed architect in the State of New York.

6.      Defendant was and is a municipal public-benefit corporation created and established by the New York State legislature in 1988 to manage the design, construction, and renovation of New York City public school buildings.

## PROCEDURAL REQUIREMENTS

7.      Plaintiff has complied with all statutory prerequisites to his Title VII claim.

8.      In August 2023, Plaintiff filed a charge of discrimination - - No. 520-2023-06425 - - with the Equal Employment Opportunity Commission (herein, "EEOC").

9.      Plaintiff's charge of discrimination was cross-filed with the New York State Department of Human Rights pursuant to a work-share agreement between the two agencies.

10.     On or about November 9, 2023, counsel for Plaintiff requested a Notice of Right to Sue.

11.     On or about November 24, 2023, the EEOC forwarded Plaintiff's request for a Notice of Right to Sue to the United States Department of Justice (herein, "DOJ").

12.     On or about November 28, 2023, the DOJ issued Plaintiff with a Notice of Right to Sue.

13.     Plaintiff's lawsuit has been filed within ninety (90) days of receipt of the Notice of a Right to Sue.

2

## **FACTUAL BACKGROUND**

A. Plaintiff's Professional Background

14.     In 1998, Plaintiff graduated from Pratt Institute with a Bachelor of Architecture.

15.     From 1998 through 2007, in order to gain the requite qualifications, skills, and experience required by the National Council of Architectural Registration Board (herein, "NCARB") to take the Architectural Registration Examination (herein, "ARE"), Plaintiff apprenticed with various architectural firms including, but not limited to, TPG Architecture, LLP, formerly known as, The Phillips Group Architects, P.C., Arquitectonica International Corporation, HOK Group, Inc., formerly known as, Hemuth Obata and Kassabaum, Inc., DelaCour, Ferrara and Church Architects, P.C., TAMS Consultants, Inc., a subsidiary of Earth Tech, LLC, Sony Corporation, Lowery Design Group, Inc., Thomson Architects, Inc., and Ammann & Whitney, Inc., to gain experience in conceptual design, schematic design, site design, design development, zoning analysis, code analysis, bid analysis, client relations, payments and requisitions, construction administration, project coordination and management, business and team management, professional ethics and delegate responsibilities, and marketing.

16.     After reviewing Plaintiff's qualifications, skills, and experience, NCARB approved Plaintiff to take the ARE.

17.     The ARE is a seven-part architectural licensing exam that examinees must successfully complete within five years from the date the first part of the exam is taken.

18.     In 2007, Plaintiff took the first part of the ARE.

19.     In December 2014, after successfully completing the ARE and other application requirements, Plaintiff became a licensed architect in the State of New York.

B. <u>Plaintiff's Employment with Defendant and Defendant's Failure to Promote and Hire</u>

20.     In December 2008, Plaintiff was hired by Defendant as a QAS.

21.     Around that time, Defendant started a program with an education company, Kaplan, Inc. (herein, "Kaplan"), to encourage QASs and Associate Architects to become licensed architects so that Defendant could promote architects in-house (herein, "In-house Promotion Program").

22.     Plaintiff was interviewed by Managing Architects, Salvatore Marenda (herein, "Mr. Marenda") and Carlo Falcone (herein "Mr. Falcone").

23.     At that time, Mr. Marenda and Mr. Falcone understood that Plaintiff had just started the ARE.

24.     Mr. Marenda and Mr. Falcone told Plaintiff that although he was being hired as a QAS, they intended to promote him to an "Architect - - B" position, or "Architect - - C" position, once he became licensed in the State of New York.

25.     Unfortunately, by the time Plaintiff became a licensed architect, Mr. Merenda and Mr. Falcone were no longer employed by Defendant.

26.     As a QAS and with a background in architecture, Plaintiff was responsible for the same work as an "Architect - - B" or "Architect - - C" such as managing New York City public school renovation projects from inception to completion, i.e., reviewing bids, proposals, contracts, drawings, monitoring construction work, etc.

27.     However, because Plaintiff was unlicensed at the time, he could not sign off on architectural drawings that were to be filed with municipalities.

28.     While a QAS might have decades of professional experience, a QAS cannot be promoted to Architect or Engineer without a license.

29.     Upon becoming a licensed architect in December 2014, Plaintiff, his colleagues, and his union made Defendant aware that he was a licensed architect.

30.     On April 2, 2015, in response to Plaintiff becoming a licensed architect, Maria Gomez (herein, "Ms. Gomez"), the In-House Design Studio Senior Director of Architecture and Engineering, called a meeting with Plaintiff, Abdul M. Khalid (herein, "Mr. Khalid"), Plaintiff's direct supervisor, and John Diaz (herein, "Mr. Diaz"), Director of Architecture and Engineering, to advise Plaintiff that he will not be promoted because he was not qualified.

31.     Furthermore, Ms. Gomez told Plaintiff not to bother applying for architecture positions, instead Plaintiff would be promoted when she felt he was ready.

32.     In fact, Mr. Khalid said that he has never applied for a promotion and/or position because promotions were solely given on merit.

33.     Interestingly in 2009, prior to Plaintiff becoming a licensed architect, Ms. Gomez urged every unlicensed professional to take advantage of the In-house Promotion Program and pass the licensing exams of their respective professions so that they could be promoted to Architects and/or Engineers.

34.     Ironically, Plaintiff was the first unlicensed professional to become licensed through the In-house Promotion Program but was immediately denied promotions.

35.     On February 9, 2018, Plaintiff was called into a meeting with Ms. Gomez, Mr. Khalid, and Mr. Diaz, regarding a position that they wanted him to take working out in the field instead of in-house.

36.     Immediately thereafter, Plaintiff requested a meeting with the President and Chief Executive Officer of Defendant, Lorraine Grillo (herein, "Ms. Grillo"), and two associate architects and shop stewards, Charles Komlo and Lorrain Barcant.

37.     At that meeting, Ms. Grillo said: "If this meeting is in response to what happened at the earlier meeting, I have already spoken with Maria and advised her about the lack of black hires and promotions.  Now, in light of what I just said, tell me what you have to tell me."

38.     Since 2011, Ms. Gomez, as the In-House Design Studio Senior Director of Architecture and Engineering, has been responsible for hiring architects and engineers.

39.     Since 2011, Defendant, through Ms. Gomez, has hired at least thirty (30) architects, ten (10) QASs, and twenty (20) associate architects, but not a single Black hire.

40.     Ms. Gomez, Mr. Khalid, and Mr. Diaz regularly reminded Plaintiff that he should not apply to architectural positions, instead they would promote him when he qualified.

41.     From 2014 to present, Plaintiff has better qualifications, skills, experience than most architects that were hired or promoted by Defendant.

42.     Plaintiff applied to thirteen (13) positions offered by Defendant between March 2000 to present, because Defendant refused to promote Plaintiff during his tenure.

43.     Plaintiff's race is the sole reason Defendant refused to promote him.

C.   Hostile Work Environment and Retaliation

44.     Since 2011, Defendant treated Plaintiff differently than his non-Black colleagues.

45.     Since 2011, Mr. Khalid took away Plaintiff's team and/or support staff.

46.     Therefore, Plaintiff had to work on projects alone, but his non-Black colleagues were allowed to work with teams and/or support staff.

47.     When Plaintiff asked for help or extensions, to complete projects, Mr. Khalid told Plaintiff that Plaintiff simply did not want to do the work, but Mr. Khalid refused to acknowledge that Plaintiff was the only QAS without a team and/or support staff.

Our File No.: 128448

48.     A second example of the disparate treatment includes his manager, Jahae Koo (herein, "Ms. Koo"), demanding to always know Plaintiff's location, which is not expected of his non-Black colleagues.

49.     In 2022, Ms. Koo's, outrageous racist conduct went so far as to require Plaintiff to report to her each time he went to the restroom, until colleagues started inquiring about her bizarre demand.

50.     Also in 2022, and a third example of disparate treatment includes Ms. Koo emailing Plaintiff on multiple occasions stating that Plaintiff did not answer her phone calls.

51.     The purpose of Ms. Koo's emails was to paint Plaintiff in a negative light to his colleagues and superiors.

52.     Plaintiff had to keep screenshots of missed calls to demonstrate that Ms. Koo did not call.

53.     A fourth example of disparate treatment includes Defendant consistently scoring Plaintiff as an average or below average employee in annual performance reviews, despite the facts that non-racist employees of Defendant and outside organizations have recognized the exceptional work of Plaintiff.

54.     The negative performance evaluations that Plaintiff received from Defendant were a guise to continue its discriminatory practice of not promoting Plaintiff.

55.     In fact, Plaintiff's work was so exceptional that Defendant received an additional $25,000,000.00 to $50,000,000.00 of annual funding for the construction of school libraries.

56.     A fifth example of race discrimination includes Defendant asking Plaintiff to take a full-time field position because Defendant did not want Plaintiff working in-house, but when

7

Plaintiff performed site visits, which is an essential part of Plaintiff's job, Plaintiff was chastised by his supervisor and was written-up in the form of a performance evaluation.

57.     In response, Plaintiff complained to his union representative that Defendant gave him negative evaluations and needlessly made it difficult for him to perform his responsibility because of his race.

58.     Plaintiff also complained that two Black associate architect interns were not hired as associate architects, despite the paucity of Black professionals.

59.     In retaliation, Defendant intensified its discriminatory practices against Plaintiff and reorganized the seating of over one hundred employees and made all six (6) Black employees sit in row closest to supervisors for additional scrutiny.

## FIRST CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discrimination and Harassment in Violation of Title VII*

60.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

61.     Defendant has discriminated against Plaintiff on the basis of his race in violation of Title VII by denying him the same terms and conditions of employment available to non-Black employees.

62.     Defendant has discriminated against and harassed Plaintiff on the basis of his race and color in violation of Title VII by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his race and color.

63.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, professional, monetary and/or

8

economic harm including, but not limited to, loss of past and future income, compensation, and benefits for which Plaintiff is entitled to an award of damages.

64.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish, physical harm, and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress, anxiety, loss of self-esteem and confidence and emotional pain and suffering for which Plaintiff is entitled to an award of compensatory damages.

## SECOND CLAIM FOR RELIEF AGAINST DEFENDANT
### *Retaliation in Violation of Title VII*

65.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

66.     Defendant has retaliated against Plaintiff in violation of Title VII for complaining about Defendant's discriminatory practices directed toward him and other Black employees, by subjecting Plaintiff to acts of discrimination, harassment, humiliation, and intimidation.

67.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including but not limited to loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of monetary damages and other relief.

68.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, from severe mental anguish, physical harm, and emotional distress, for which Plaintiff is entitled to an award of monetary damages and other relief.

Our File No.: 128448

## THIRD CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discrimination and Harassment in Violation of Section 1981*

69.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

70.     Defendant has discriminated against Plaintiff on the basis of his race in violation of Section 1981 by denying him the same terms and conditions of employment available to non-Black employees.

71.     Defendant has discriminated against and harassed Plaintiff on the basis of his race and/or color in violation of Section 1981 by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his race and/or color.

72.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continue to suffer, professional, monetary and/or economic damages including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and/or other relief.

73.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish, physical harm, and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

Our File No.: 128448

**FOURTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Retaliation in Violation of Section 1981*

74. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

75. Defendant has retaliated against Plaintiff in violation of Section 1981 for complaining about Defendant's discriminatory practices directed toward him and other Black employees, by subjecting Plaintiff to acts of discrimination, harassment, humiliation, and intimidation.

76. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, professional, monetary, and/or economic damages including, but not limited to, loss of past and future income, compensation, and benefits for which he is entitled to an award of monetary damages and other relief.

77. As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, from severe mental anguish, physical harm, and emotional distress, for which Plaintiff is entitled to an award of monetary damages and other relief.

**FIFTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Discrimination and Harassment in Violation of the NYSHRL*

78. Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

79. Defendant has discriminated against Plaintiff on the basis of his race in violation of the NYSHRL by denying him the same terms and conditions of employment available to non-Black employees.

Our File No.: 128448

80.     Defendant has discriminated against and harassed Plaintiff on the basis of his race and color, in violations of the NYSHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his race and color.

81.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation, and benefits for which Plaintiff is entitled to an award of damages.

82.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish, physical harm, and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

<u>**SIXTH CLAIM FOR RELIEF AGAINST DEFENDANT**</u>
<u>*Retaliation in Violation of the NYSHRL*</u>

83.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

84.     Defendant has retaliated against Plaintiff in violation of the NYSHRL for complaining about Defendant's discriminatory practices directed toward him and other Black employees, by subjecting Plaintiff to acts of discrimination, harassment, humiliation, and intimidation.

85.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, professional, monetary,

Our File No.: 128448

and/or economic damages for which he is entitled to an award of monetary damages and other relief.

86.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, from severe mental anguish, physical harm, and emotional distress, for which Plaintiff is entitled to an award of monetary damages and other relief.

## SEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discrimination and Harassment in Violation of the NYCHRL*

87.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

88.     Defendant has discriminated against Plaintiff on the basis of his race in violation of the NYCHRL by denying him the same terms and conditions of employment available to non-Black employees.

89.     Defendant has discriminated against and harassed Plaintiff on the basis of his race and color, in violations of the NYCHRL by creating, fostering, accepting and ratifying and/or otherwise failing to prevent or to remedy a hostile work environment that included, among other things, severe and pervasive harassment of Plaintiff because of his race and color.

90.     As a direct result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, professional, monetary, and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which he is entitled to an award of damages.

91.     As a direct and proximate result of Defendant's unlawful and discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish, physical harm, and emotional distress including, but not limited to, hypertension,

13

Our File No.: 128448

depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

**EIGHTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Retaliation in Violation of the NYCHRL*

92.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

93.     Defendant has retaliated against Plaintiff in violation of the NYCHRL for complaining about Defendant's discriminatory practices directed toward him and other Black employees, by subjecting Plaintiff to acts of discrimination, harassment, humiliation, and intimidation.

94.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, professional, monetary, and/or economic damages for which he is entitled to an award of monetary damages and other relief.

95.     As a direct and proximate result of Defendant's unlawful retaliatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, from severe mental anguish, physical harm, and emotional distress, for which Plaintiff is entitled to an award of monetary damages and other relief.

**NINTH CLAIM FOR RELIEF AGAINST DEFENDANT**
*Discriminatory Failure to Promote in Violation of Title VII*

96.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

Our File No.: 128448

97.     Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to promote Plaintiff based on his race and color.

98.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

99.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## TENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discriminatory Failure to Promote in Violation of Section 1981*

100.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

101.     Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to promote Plaintiff based on his race and color.

102.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

103.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation,

Our File No.: 128448

embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

### ELEVENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Discriminatory Failure to Promote in Violation of the NYSHRL*

104.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

105.    Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to promote Plaintiff based on his race and color.

106.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

107.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress, including but not limited to hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

### TWELFTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Discriminatory Failure to Promote in Violation of the NYCHRL*

108.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

109.    Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to promote Plaintiff based on his race and color.

16

110.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

111.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## THIRTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discriminatory Failure to Hire in Violation of Title VII*

112.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

113.    Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to hire Plaintiff based on his race and color.

114.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

115.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Title VII, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

Our File No.: 128448

## FOURTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discriminatory Failure to Hire in Violation of Section 1981*

116.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

117.     Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to hire Plaintiff based on his race and color.

118.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm including, but not limited to, loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

119.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of Section 1981, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

## FIFTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT
### *Discriminatory Failure to Hire in Violation of the NYSHRL*

120.     Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

121.     Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to hire Plaintiff based on his race and color.

122.     As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYSHRL, Plaintiff has suffered, and continues to suffer, professional, monetary

Our File No.: 128448

and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

123.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYSHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

### SIXTEENTH CLAIM FOR RELIEF AGAINST DEFENDANT
*Discriminatory Failure to Hire in Violation of the NYCHRL*

124.    Plaintiff repeats and realleges each and every allegation set forth above with the same force and effect as if more fully set forth herein.

125.    Defendant violated Plaintiff's right to be free from discrimination based on race and color in Defendant's discriminatory failure to hire Plaintiff based on his race and color.

126.    As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of NYCHRL, Plaintiff has suffered, and continues to suffer, professional, monetary and/or economic harm, including but not limited to loss of past and future income, compensation and benefits for which Plaintiff is entitled to an award of damages.

As a direct and proximate result of Defendant's unlawful discriminatory conduct in violation of the NYCHRL, Plaintiff has suffered, and continues to suffer, severe mental anguish and emotional distress including, but not limited to, hypertension, depression, humiliation, embarrassment, stress and anxiety, loss of self-esteem and confidence, emotional pain and suffering, for which Plaintiff is entitled to an award of monetary damages and other relief.

Our File No.: 128448

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays that the Court enter a judgment in his favor and against Defendant, as follows:

A.      A declaratory judgment that the actions, conduct, and practices of the Defendant complained of herein violate the law of the United States of America, the State of New York, and the City of New York;

B.      An injunction and order permanently restraining Defendant from engaging in such unlawful conduct;

C.      An order directing Defendant to take such action as is necessary to ensure that the effects of these unlawful employment practices are eliminated and do not continue to affect Plaintiff's employment and personal life;

D.      An award of damages in an amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all monetary and/or economic damages including, but not limited to, the loss of past and future income, wages, compensation, seniority, and other benefits of employment;

E.      An award of damages in the amount to be determined at trial, plus prejudgment interest, to compensate Plaintiff for all non-monetary and/or compensatory damages including, but not limited to, compensation for his mental anguish, humiliation, embarrassment, stress and anxiety, emotional pain and suffering, emotional distress, and physical injuries;

F.      An award of damages for any and all other monetary and/or non-monetary losses suffered by Plaintiff in an amount to be determined at trial, plus prejudgment interest;

G.      An award of costs that Plaintiff has incurred in this action, as well as Plaintiff's reasonable attorney's fees; and

Our File No.: 128448

H.      Such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiff hereby demands a trial by jury on all issues of fact and damages stated herein.

Dated: Bronx, New York
       January 26, 2024

Respectfully submitted,

By:     _____
        Jaazaniah Asahguii, Esq. (JA 7624)
        COHEN & COHEN LAW
        540 East 180th Street, Suite 203
        Bronx, New York 10457
        Tel.: (212) 564-1900
        Fax: (212) 954-5566
        Email: jasahguii@stevencohenlaw.com
        *Attorneys for Plaintiff*

Our File No.: 128448